Raymond **MERCOLA**, Appellant,

v.

**CITY OF SAN ANTONIO** et al., Appellees.

No. 7410.

Court of Civil Appeals of Texas, Beaumont.

Nov. 22, 1972.

Motion for rehearing overruled Dec. 14, 1972.

William H. Price, James E. Hope, San Antonio, for appellant.

Matthews, Nowlin, Macfarlane & Barrett, Groce, Locke & Hebdon, San Antonio, for appellees.

STEPHENSON, Justice.

This is an appeal from an order granting motions for summary judgment of the defendants, Martin Wright Electric Company and the City of San Antonio. A motion for severance as to other defendants and intervenors was granted. The parties will be referred to here as they were in the trial court or by name.

This is an action for damages for personal injuries sustained by plaintiff, Raymond Mercola, when he was trapped between floors in an elevator when the electric power was shut off. Plaintiff was an employee of Horizon Corporation which maintained offices in the building in which this event occurred. Martin Wright Electric Company had been employed to do some electrical repair work on the main electrical board for this building. The City had been asked to cut off the power to the main electrical board so the work could be performed. Neither the switch to cut off the power nor the main electrical board was located in the building in question. Plaintiff alleged, among other things, acts of omission or negligence on the part of both of these defendants in failing to warn him that the electricity would be cut off, in failing to lock the elevator, and in failing to have someone at the elevator to prevent its use.

Both motions for summary judgment stated that each defendant owed no duty to plaintiff under the circumstances of this case. The motion of the Electric Company stated that depositions had been taken and that the depositions of E. F. Mischer and Nicholas Salmon showed it had nothing to do with plaintiff being trapped in the elevator; that it had been engaged to do some work outside of the building; and that Nicholas Salmon, a building employee, advised this defendant that the building was secure. The motion by the City made

the statement, "The pleadings, depositions, admissions and affidavits on file herein show that there is no genuine issue of material fact." Neither of these motions has affidavits attached. Plaintiff responded to both motions with affidavits attached, stating little more than conclusions that there are disputed issues of fact. The order of the court granting these motions contains the recitation that the court considered the affidavits and depositions.

Plaintiff's only point of error is that the trial court erred in granting the motions for summary judgment because the defendants did not prove as a matter of fact or law either the absence of a duty or, that where a duty existed, they discharged their respective duties.

Plaintiff alleged negligence on the part of these two defendants in failing (1) to warn him, (2) to lock the elevator, and (3) to have someone near the elevator. All of the evidence contained in the depositions shows that these allegations are true. Consequently, the burden was upon these defendants, as movants, to establish as a matter of law that they owed him no duty in respect to all of such allegations.

By deposition, plaintiff testified: He arrived at the building just before 9:00 a. m., opened the locked door with his key, and locked the door behind himself. He pushed the elevator button, the door opened, and he got in it. The door closed and the elevator started up, but then stopped when the power went off. There were no signs posted in the building and he had no notice, verbal or written, that the elevator would be cut off.

Nicholas Salmon testified by deposition: He was the building plant engineer and went to the building that morning. He had three men working for him that morning. He also went to the building to open the door to the building power plant for the Electric Company and City workmen. The City workmen disconnected the power so the Electric Company workmen could do some maintenance work on the electric board which was located in the power plant about one hundred feet from the main building. The City workmen actually turned the electricity off at the request of the Electric Company. The Electric Company was performing the work under a contract with the building. City workmen and Electric Company workmen met with Salmon at the power plant at a designated time. Salmon had been told to vacate the building. The City workmen told Salmon to secure the building. He took between twenty and thirty minutes going through the building to see if anyone was there. Each elevator was equipped with a lockbox to which Salmon had a key. He did not lock the elevators. The building manager told Salmon that all of the tenants had been notified that the power would be cut off. After checking the building, Salmon returned to the power plant and told the City workmen that everything was clear. The Electric Company and City workmen did not go into the main building. After Salmon checked the building, they waited ten to fifteen minutes before cutting off the power because the City workmen had been told to wait until 9:00 a. m.

Charles L. Rossi testified by deposition: He was manager of Horizon Corporation and plaintiff was an employee. A copy of the memorandum from the building manager that the power would be cut off that Sunday morning at 9:00 a. m. was handed to him by his receptionist. He did not ask that it be posted or circulated and as far as he knew, plaintiff did not see or hear of it.

E. F. Mischer testified by deposition: He was the building manager and prepared and sent the memorandum to the building tenants. He knew the tenants had keys and used the building on Sundays. He did not post notices in the elevators or building and had no watchman or guard on weekends.

We have concluded that the trial court properly sustained the motions for summary judgment because there was no duty on the part of these defendants to plaintiff.

The cases cited by plaintiff in his brief pertaining to owner-occupier and invitees have no application to the case before us. No such relationship existed between these parties.

Affirmed.